UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re:  ALVIN REYES ) | Case No.: |
|        Petitioner, ) | |
| ) | PETITION FOR EXEMPTION |
| ) | OR REDUCTION FROM |
| ) | DISABILITY PURSUANT TO |
| ) | 29 U.S.C. § 504 |

**HEARING REQUESTED**

**ALVIN REYES PETITION IN SUPPORT OF HIS EXEMPTION OR REDUCTION FROM DISABILITY PURSUANT TO 29 U.S.C. § 504**

Petitioner, Alvin Reyes, pursuant to the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 504 (a) (2), *et seq.,* through undersigned counsel, respectfully petitions for an exemption from the thirteen-year bar that prohibits him from holding the position of President/Membership Development Coordinator of the International Brotherhood of Electrical Workers ("IBEW") Local 99, or alternatively, for a reduction of the thirteen year ban to ten (10) years from the end of the term of imprisonment, for a hearing required by Section 504 (a)(5), and in support thereof state as follows:

### I.   INTRODUCTION

Section 504(a) of the LMRDA bars persons convicted of certain crimes, including burglary, assault and narcotics violations from serving "as an officer, director, trustee, member of any executive board or similar governing body, business agent, manager, organizer, employee, or representative in any capacity of any labor organization" for a period of thirteen years after conviction or the end of the term of imprisonment, whichever is later. 29 U.S.C. § 504(a).

On January 4, 2006, Alvin Reyes pled guilty before Rhode Island Superior Court Judge Robert D. Krause, to Burglary, Conspiracy, Assault and Carrying a Pistol Without a License.  He was sentenced to twenty-two (22) years at the Adult Correctional Institution, with twelve (12) years to serve, and ten (10) years suspended.  Mr. Reyes was released from incarceration, on parole, on August 18, 2010.  As a result of those convictions, the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") prohibits Alvin Reyes from working in certain capacities for any labor union until August 18, 2023.  Alvin Reyes now moves, pursuant to § 504(a) of the LMRDA, for an exemption from the thirteen-year prohibition so that he may be employed by a labor union, IBEW, as its President/Membership Development Coordinator.

The facts of this case support the exemption provision in Section 504. Mr. Reyes has served his prison time, earned discretionary release on parole, has had his probation terminated early by the sentencing court, provides evidence of full rehabilitation, attained a position of employment in a labor union, and attained a leadership position in that union. Mr. Reyes respectfully requests that the thirteen-year prohibition be reduced by less than three years, so that he may continue to be successful in his chosen career.

## II.   BACKGROUND

A.   **ALVIN REYES' PERSONAL HISTORY**

Mr. Reyes was born in 1983, in Providence, Rhode Island, the son of Juana and Bernardo Reyes, who immigrated to the United States over forty years ago from the Dominican Republic to pursue a better life for themselves and their family. Mr. Reyes was brought up in the South Side of Providence, Rhode Island.  Mr. Reyes has six siblings. He attended Providence Public Schools, however, he was unable to graduate from High School. He eventually received a GED.  Mr. Reyes

is the very proud and involved father of two daughters, Jianna who is 15 years of age and Mia who is 5 years of age.

  **B. ALVIN REYES' CRIMINAL ACTIONS AND CONVICTION**

As a young man in South Providence, Mr. Reyes became involved in minor street level criminal activity. He was arrested in 2002, at the age of nineteen (19) after a vehicle he was riding in with several other teens was stopped in Warwick, Rhode Island. In June of 2003, Mr. Reyes pled Nolo Contendere to Carrying a Pistol Without a License, Possession of a Schedule I Drug, Disorderly Conduct and Possession of Alcohol as an Underaged Person. Mr. Reyes was sentenced to Three (3) Years Suspended Sentence and Three (3) Years Probation. Mr. Reyes had two arrests in 2004, which were subsequently dismissed by the prosecution under Rule 48A of the Rhode Island Rules of Criminal Procedure, without proceeding to trial. Mr. Reyes' Rhode Island Attorney General, Criminal Justice Information Services Division, Criminal History Report is provided hereto. (Exhibit A)

In 2005, Mr. Reyes was charged with Burglary, Conspiracy and Assault with a Dangerous Weapon by the Providence Police Department. (P1-2005-0994AG). He pled guilty on January 4, 2006 to Burglary, Conspiracy, and Carrying a Pistol Without a License. He was sentenced by Superior Court Judge Krause to twenty-two (22) years at the Adult Correctional Institution, with twelve (12) years to serve, and ten (10) years Suspended Sentence/Probation. Mr. Reyes' State of Rhode Island term of Probation was scheduled to end on January 3, 2028, though that exact termination date was unknown to Mr. Reyes at the time of sentencing. The Judgment of Conviction is attached hereto. (Exhibit B)

### C.    ALVIN REYES' POST-CONVICTION CONDUCT

While incarcerated, Mr. Reyes began taking classes to educate and rehabilitate himself. He was able to take several Community College of Rhode Island ("CCRI") classes and to start working towards a college degree. Mr. Reyes became SERVSAFE Certified which allowed him to work in a commercial kitchen. He became involved in the Barbering program and became a licensed barber.  M. Reyes participated in certification programs for Carpentry/Cabinet Making and Woodworking. In essence, Mr. Reyes availed himself of any and all programs offered by the Department of Corrections for his betterment.

In addition to rehabilitative programs and classes offered by the Rhode Island Department of Corrections, Mr. Reyes began to study, through a rigorous correspondence course, to become an electrician. He enrolled in the Professional Career Development Institute Electrician Studies Program. In May of 2007, Mr. Reyes achieved a diploma from the Professional Career Development Institute. The certificates of program participation and courses completed by Mr. Reyes are attached hereto. (Exhibit C)

On August 18, 2010, the Rhode Island Parole Board granted Mr. Reyes discretionary release from his sentence. Mr. Rees was placed on Electronic Monitoring Parole for three months before being transitioned to "straight parole" which is without electronic monitoring and a less intensive supervision.  The RI Parole Board grants early release to individuals who have demonstrated remorse, insight, rehabilitation, and a low risk to reoffend. Mr. Reyes remained on parole until April 14, 2014, when he was placed on probation.

On July 14, 2015, Mr. Reyes was placed on "low supervision" probation and remained as such until Rhode Island Probation closed his case on December 14, 2015. As such, he was not under any type of correctional supervision since December of 2015 and remained at liberty without

incident. Mr. Reyes learned that his probation had been closed in error by Department of Corrections staff, and that he should have remained on an active probation caseload until 2028. On April 29, 2020, Mr. Reyes appeared before Rhode Island Superior Court Magistrate John J. Flynn of the Rhode Island Superior Court pursuant to R.I. Superior Court Rules of Criminal Procedure Rule 35(c) and after a hearing thereon, Magistrate Flynn ordered that Mr. Reyes probation be terminated. Magistrate Flynn acknowledged the steps that Mr. Reyes has taken to rehabilitate himself and ordered that he no longer be subject to Court Supervision. The Order is attached hereto. (Exhibit D)

Upon Mr. Reyes initial release from incarceration, he was able to secure a position in a factory for minimum wage. After a rigorous selection process, Mr. Reyes was accepted into the "Building Futures" program, which is a pre-apprenticeship program for low-income individuals interested in the skilled construction trades. Through the partnership with Building Futures, Mr. Reyes applied for and passed a difficult entrance examination and interview and was accepted into the IBEW Local 99 five-year apprenticeship program. After the five-year apprenticeship, Mr. Reyes was able to obtain his electrical license in the State of Rhode Island.

Mr. Reyes was also able to go to college and accrued enough credits to obtain his Associates in Technical Studies from the Community College of Rhode Island. He has been approved to sit for the Electrical Exam in both Massachusetts and Connecticut.

Mr. Reyes has continued to take classes to better himself since his release from incarceration. In March of 2015, Mr. Reyes completed a 6-hour seminar on the Rhode Island Fire Safety Code, NFPA 72, Fire Stopping Requirements and False Alarms presented by the Fire Communications Officers of RI. Additionally, in March 2015, he became certified to operate a hydraulic crane under OSHA 1926.1400 Standards. In September of 2012, Mr. Reyes completed

educational seminars on ARC Flash-NFPA70E, Aerial Lift, presented by Beacon Mutual Insurance Company. In December 2011, he completed CDL Class A Training, presented by International CDL. LLC. Mr. Reyes has since obtained his CDL license and maintain it to this day.

In 2013, Mr. Reyes purchased his first home in Providence, Rhode Island, a major step in achieving the "American Dream." Subsequently Mr. Reyes purchased a home in 2014 in Johnston, Rhode Island where he currently resides.

Mr. Reyes did not stop with his success alone. He felt a strong desire to give back to those less fortunate than he, and those who were on the path to achieve their own success. He continued his involvement with the "Building Futures Program" as a mentor to students who were, like he had been, trying to be successful and find a career. On June 14, 2019, Mr. Reyes was awarded with the "Building Futures Honors" for his excellent performance as a graduate and as a strong member of the labor movement. Ms. Judith Titzel, retired Building Futures Program Director provided a letter of support for Mr. Reyes. Ms. Titzel stated that "from the outset the staff…was extremely impressed with Alvin's motivation and drive to better his life, find a career he could be proud of, support his growing family and give back to his community." Ms. Titzel also stated that while she will "always be proud of every one of the hundreds of Building Futures graduates, determined to overcome the barriers of poverty, violence and engagement with the justice system, there are a few that are unique in their analysis of where they came from and how they choose to go forward in the world. Alvin is one of those unique individuals." (Exhibit E)

In addition, Mr. Reyes volunteers with the RI Honor Flight Organization, which arranges for veterans to be able to make a trip to Washington, DC to visit the war memorials. He has chaperoned veterans on a trip to Washington along with his daughter. Mr. Reyes, also volunteers, sponsors and/or raises funds through the IBEW for organizations such as Building Futures, Big

Brother and Big Sisters, Pink Heels of RI, Shriners Hospital, Providence Canteen, Operation Stand Down RI, RI Cares, The Tomorrow Fund, American Foundation for Suicide Prevention RI, and the RI Military.

Mr. Reyes IBEW Supervisor Joseph L. Walsh, Jr. provided a letter which details the passion that Mr. Reyes has for his career, as well as every charitable event that the Local Union has sponsored. Mr. Walsh speaks of how he came to know Mr. Reyes after hearing his testimony about the value of "apprenticeships" at the Rhode Island General Assembly. He stated that he "was intrigued by the level of passion Mr. Reyes showed on the subject." Mr. Walsh stated that his passion carried throughout his career with IBEW, stating "Mr. Reyes has quite literally volunteered for every charitable event that the Local Union has sponsored" and that he "assist[s] and supports[s] the most vulnerable populations in our communities." Mr. Walsh also states, "It would not be hyperbolic statement for me to testify that Mr. Reyes has changed the lives of many with his personal donations of time, talent and treasure." (Exhibit F)

### D.  ALVIN REYES' HISTORY WITH THE IBEW

Mr. Reyes was initially employed as an Apprentice, and then a licensed Electrician for the IBEW. Mr. Reyes subsequently became involved in union activity being employed in the role of "Membership Development." In 2019, Mr. Reyes was appointed by the Executive Committee and his IBEW Business Agent as President/Membership Development. His Supervisor, Mr. Walsh, in his letter explains the work ethic that allowed for Mr. Reyes promotion into the union leadership. "As an employee, Mr. Reyes is well recognized as the person who never misses a day of work. He is always on time, or early to work and never rushes out the door when the workday comes to a close. Mr. Reyes is also the first person to step up, without being asked, to handle a task that others

would not care to address. I have never heard a complaint from him, nor ever heard of a project that he did not complete to his supervisor's satisfaction." (See Also Exhibit F)

In June 2020, Mr. Reyes was subsequently elected to the position of President/Membership Development.  Shortly after his election, he was notified that his position was in violation of Section 504.

In September of 2020, Mr. Reyes resigned his employment due to the thirteen-year bar that prohibits him from holding the position of President/Membership Development Coordinator of the International Brotherhood of Electrical Workers ("IBEW") Local 99.

In a very unfortunate turn of events for Mr. Reyes, he was severely injured recently in a motor vehicle accident, and due to his extensive physical injuries, he is unable to return to an electrician position with the IBEW at this time. Due to the Section 504 prohibition, Mr. Reyes is now unemployed. Should he be granted an exemption, however, he could immediately resume a less physical position with the union.

### III. ACTION TAKEN BY THE UNITED STATED DEPARTMENT OF LABOR

On or about July 17, 2020, Kahil Gilmore, Vice President, IBEW Local 99 received correspondence from Jonathan Russo, District Director, Office of Labor-Management Standards, Boston-Buffalo District Office, United States, Department of Labor, stating that Alvin Reyes was prohibited from holding any "labor organization officer or employee position" due to the LMRD

The correspondence from Director Russo also stated that Reyes' bar was in place until August 18, 2023. Additionally, in the above cited  letter, Director Russo noted that "This disability applies unless (1) Mr. Reyes's (sic) citizenship rights were revoked as a result of said conviction and have been fully restored, (2) the conviction is finally reversed on appeal, or (3) Mr. Reyes is granted an exemption from disqualification." (Exhibit G)

The Department of Labor's opinion is erroneously based on Reyes' conviction for "Possession with Intent for Cocaine, Possession with Intent for a Schedule I/II Narcotic, and Conspiracy to Violate a Controlled Substance Act." Mr. Reyes has provided his Criminal Record as an Exhibit hereto. In fact, any convictions or incarcerations that pre-date July of 2007, would not be subject to the thirteen-year disqualification under Section 504. Mr. Reyes did in fact plead guilty to Burglary, Conspiracy, Assault and Carrying a Pistol Without a License and was sentenced in Rhode Island Superior Court.

Mr. Reyes was unaware of the LMRDA when he assumed the position of Membership Development for IBEW Local 99 and subsequently when he ran for election for the position of President/Membership Development. Upon learning of the disqualification, he resigned his elected position and is no longer employed in that capacity.

### IV. LEGAL STANDARD

Under 29 U.S.C. § 504(a)(2), (a)(5), no person who has been convicted of certain crimes shall serve as an officer, member of any executive board, or representative in any capacity of any labor organization or in any capacity that involves decision-making authority concerning a labor organization's moneys, funds, assets, or property. The prohibition lasts for thirteen years after conviction. *Id.* § 504(a). The prohibition may be lifted, however, if the United States district court for the district in which the offense was committed determines that the person's service in such a capacity "would not be contrary to the purposes of this chapter." *Id.* "Prior to making any such determination the court shall hold a hearing and shall give notice of such proceeding by certified mail to the Secretary of Labor and to State, county, and Federal prosecuting officials in the jurisdiction or jurisdictions in which such person was convicted." *Id.*

An exemption may be granted if the District Court Judge, pursuant to the Sentencing

Guidelines and the policy statements expressed in 28 U.S.C. § 994(a), finds that Petitioner's service would not be contrary to § 504's purposes. 29 U.S.C. § 504(a). The purpose of § 504 is to "secure high standards of responsibility and ethical conduct in labor organizations by locking out ... those people who demonstrate an inability to abide by such standards." <u>United States v. Cullison</u>, 422 F. Supp. 2d 65, 68 (D.D.C. 2006); *see also* 29 U.S.C. § 401(a). Under the United States Sentencing Guideline's policy regarding exemptions from § 504(a), a person must clearly demonstrate that he is rehabilitated:

> If the petitioner was convicted of a disqualifying state or local offense,…relief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability.
> U.S. Sentencing Guidelines Manual § 5J1.1. (2020)

The Petitioner "has the burden of clearly showing that he is rehabilitated." <u>Local Union 705 v. U.S. Dep't of Labor</u>, No. 03 C 5480, 2003 U.S. Dist. LEXIS 21171, 2003 WL 22836375, at *2 (N.D. Ill. Nov. 24, 2003). Therefore, in evaluating a motion under § 504(a), "courts must analyze whether the petitioner has been fully rehabilitated, and whether it would be contrary to the purposes of the LMRDA, considering the nature and gravity of the petitioner's crime(s), for the petitioner to hold such a position." <u>United States v. Peters</u>, 938 F.Supp.2d 296 (N.D.N.Y. 2013)

The statute provides three avenues for relief: "(1) petitioning the sentencing court to reduce the duration the statute applies, (2) obtaining full restoration of citizenship rights, or (3) petitioning for an exemption based on the Court's determination that the petitioner's service in the prohibited capacities does not violate the purposes of the Act." <u>U.S. v. Cullison,</u> 422 F. Supp. 2d 65, 69 (D.D.C. 2006). While Mr. Reyes notes that he has been granted an Early Termination of Probation pursuant to Rule 35 of the RI Superior Court Rules of Criminal Procedure, see Alvin Reyes Decl. (Exhibit H), he does not argue that it is sufficient to justify relief under the second paragraph of §

504(a). He seeks relief through Paragraph (1) or (3), which, because more than three years have passed since his release, provide the same standard in his case. "The only difference between a reduction and an exemption is that an exemption does not require the passage of initial three-year period, while a reduction does." United States v. Peters, 938 F.Supp.2d 296 (N.D.N.Y. 2013)

## V. ARGUMENT

### A. ALVIN REYES WAS NOT IN A UNION LEADERSHIP POSITION AT THE TIME OF HIS PRIOR CRIMINAL CONDUCT.

Congress enacted the Labor-Management Reporting and Disclosure Act as remedial legislation intended to combat union corruption and protect the rights of union members. *See, e.g.*, Thomas v. Grand Lodge of Int'l Ass'n of Machinists & Aero. Workers, 201 F.3d 517, 518 (4th Cir. 2000) (noting that "Congress enacted the LMRDA in 1959 to protect the rights and interests' of union members against abuses by unions and their officials."). The statute was a reaction to "a number of instances of breach of trust, corruption, disregard of the rights of individual employees, and other failures to observe high standards of responsibility and ethical conduct" and was deemed necessary to protect "the rights and interests of employees and the public generally as they relate to the activities of labor organizations, employers, labor relations consultants, and their officers and representatives." 29 U.S.C. § 401(b).

The provisions of the statute were enacted to "eliminate or prevent improper practices on the part of labor organizations, employers, labor relations consultants, and their officers and representatives." *Id.* at § 401(c). However, the employment restriction is not absolute. There are "rare occasions where a [thirteen] year ban might be considered too harsh." United States v. Martin, No. 02-127(1), 2009 U.S. Dist. LEXIS 28781, 2009 WL 928631, at 4 (D. Minn. Apr. 1, 2009).

The legislative history of the LMRDA would indicate that the reduction provision was put in place for situations such as Mr. Reyes:

11

> The[re] [are] rare occasions where a thirteen-year ban might be considered too harsh. For example, at the time of his conviction of a disqualifying crime, an individual might not be a union member or might not have given any thought to the ramifications of his act with regard to holding office in a union or with a benefit plan. If he were to serve his sentence and subsequently obtain a job which would lead to election to …office, a [thirteen] year ban might be unnecessarily rigid. In such rare circumstances, the judge is given the discretion to reduce the disqualification …
>
> Remarks of Senator Orrin Hatch, 128 Cong. Rec. 32446.

Mr. Reyes' case is one that Senator Hatch might have anticipated. The instant case is not one where only a few short years have passed since the conviction. Mr. Reyes was convicted in 2006 and has been released to the community from imprisonment since 2010, more than ten years ago. Since that time, Mr. Reyes has taken extraordinary steps to rehabilitate himself. He has become a successful member of the community and has devoted his time, talent and treasure to charity and giving back to the community.

More importantly, at the time of his conviction, Mr. Reyes had no connection at all to the IBEW. At the time of his crime, he could not have anticipated or frankly ever imagined, that he would be a working member of a union, nor could he anticipate that he would hold a leadership position in a union or labor organization.

### B. ALVIN REYES' PRIOR CRIMINAL CONDUCT WAS UNRELATED TO HIS UNION POSITION.

The Court should consider the nature and gravity of the petitioner's crimes, the extent of his rehabilitation and whether granting a reduction would be contrary to the purposes of the statute. When interpreting USSG. 5J1.1, consideration should also be given to whether the petitioner's crimes have a direct relation to his union service. In the instant case, Mr. Reyes' crime had no direct relation to his union duties.

In several cases, Courts have denied exemptions where the petitioner used his official position with a union to commit his crimes. In <u>Defries,</u> the petitioner was tried and convicted of abusing his position as an official for a labor organization by illegally extorting unmarked and unsealed ballots from union members and then voting those ballots in favor of his and his co-defendants' interests. <u>United States v. Defries</u>, 327 U.S. App. D.C. 181, 129 F.3d 1293, 1297 (D.C. Cir. 1997). This is precisely the type of illegal and unethical conduct Congress intended to root out of labor organizations by enacting the Labor-Management Reporting and Disclosure Act.

Mr. Reyes does not dispute the fact that he was convicted of a very serious offense. He makes no attempt to depreciate the seriousness of his actions in 2005. However, there is no direct nexus between the crime that Mr. Reyes committed and the type of work that he was doing and would be returning to should a reduction is granted. Although burglary, assault and narcotics violations are enumerated crimes under the statute, and are serious felonies, they are not the type of crime that necessarily questions whether Mr. Reyes will take advantage of a position of authority. "[S]ome crimes such as murder and assault are wholly unrelated to union employment, [whereas] felonies involving abuse or misuse of one's position in a labor organization to obtain illegal gain at the expense of union members, are directly related to employment as a union official."); see also <u>Henry v. Chao</u>, 2007 U.S. Dist. LEXIS 25078, 2007 WL 1040856 at 5 ("[Petitioner's] offense is not in the same league as offenses typically associated with union impropriety (extortion, bribery, etc.).").

    **C.**     **ALVIN REYES' HAS REHABILITATED HIMSELF SUFFICIENTLY TO BE GRANTED AN EXEMPTION.**

The Court must determine whether Mr. Reyes has made a clear demonstration that he has been rehabilitated since 2005 and can be trusted not to endanger the Local Union. U.S. Sentencing Guidelines Manual § 5J1.1. In the years since his conviction, Mr. Reyes has taken extraordinary

steps to educate himself, to learn a trade, to become an upstanding citizen, with a focus on helping others and his community. Mr. Reyes has written a heartfelt letter to the Court (Exhibit I) and provided a Declaration urging the Court to seriously consider his petition for exemption. He can clearly demonstrate to the Court that he is rehabilitated and can be trusted not to endanger the Local Union.

**WHEREFORE**, Petitioner, Alvin REYES, pursuant to 29 U.S.C. § 504(a)(2), respectfully seeks the entry of an order granting an exemption from disqualification under the LMRDA so that he may resume his duties as President/Membership Development Coordinator of the IBEW LU 99, or alternatively, for a reduction of the thirteen-year ban for the reasons stated herein.

Dated: September 28, 2020                                  Respectfully submitted,

                                                               Alvin REYES
                                                               By his attorney,

                                                               */s/ Lisa S. Holley*
                                                               Lisa S. Holley (#6606)
                                                               LISA HOLLEY LAW, LLC
                                                               536 Atwells Avenue
                                                               Providence, RI 02903
                                                               (p) 401-400-2850
                                                               (f) 401-633-7338
                                                               lisa@lisaholleylaw.com